1  KAMALA D. HARRIS
   Attorney General of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  LANCE E. WINTERS
   Senior Assistant Attorney General
4  KENNETH C. BYRNE
   Supervising Deputy Attorney General
5  SHIRA B. SEIGLE
   Deputy Attorney General
6  State Bar No. 267722
     300 South Spring Street, Suite 1702
7    Los Angeles, CA  90013
     Telephone:  (213) 897-2356
8  Fax:  (213) 897-6496
     E-mail:  DocketingLAAWT@doj.ca.gov
9  *Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CARDAROW DEAN HILL,** | Case No. CV 12-8641- FFM |
| Petitioner, | **MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| **WARDEN,** | The Honorable Frederick F. Mumm United States Magistrate Judge |
| Respondent. | |

Pursuant to this Court's Order dated October 15, 2012, the Attorney General of the State of California, counsel for Respondent, respectfully moves this Court to dismiss the Petition for Writ of Habeas Corpus ("Petition").  This Motion is made on the basis that the Petition fails to name a proper Respondent and moreover that the Petition is entirely unexhausted.

This Motion is based on the pleadings and files in this case, the attached Memorandum of Points and Authorities, and the lodged documents ("LD") filed herewith.

1

WHEREFORE, Respondent respectfully requests that the Petition for Writ of Habeas Corpus be dismissed.

Dated: February 5, 2013

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
DANE R. GILLETTE
Chief Assistant Attorney General
LANCE E. WINTERS
Senior Assistant Attorney General
KENNETH C. BYRNE
Supervising Deputy Attorney General

**/s/ Shira B. Seigle**
SHIRA B. SEIGLE
Deputy Attorney General
*Attorneys for Respondent*

SBS:lz
LA2012605738
60938701.doc

# MEMORANDUM OF POINTS AND AUTHORITIES

## PROCEDURAL HISTORY

On August 15, 2011, in Los Angeles County Superior Court case number BA383621, pursuant to a negotiated disposition, Petitioner pleaded no contest to one count of burglary (Cal. Penal Code § 459) and one count of criminal threats (Cal. Penal Code § 422). As to both counts, Petitioner admitted that he used a firearm within the meaning of California Penal Code section 12022.5(a).[1] (LD 1-2.) Pursuant to the terms of the negotiated disposition, Petitioner was sentenced to a total of seven years in state prison. (LD 1 at 12-13; LD 3.) Petitioner did not appeal the judgment.[2] (Pet. at 3.)

On December 19, 2011, Petitioner filed a habeas corpus petition in the California Supreme Court in case number S198866.[3] (LD 4.) On January 13, 2012, the California Supreme Court received a supplemental letter from Petitioner. (LD 5.) On April 18, 2012, the court denied the petition. (LD 6.)

On July 27, 2012, Petitioner filed a habeas corpus petition in the California Court of Appeal in case number B242867. (LD 7.) On August 8, 2012, the court denied the petition.[4] (LD 8.)

---

[1] The clerk's minute order dated August 15, 2011, does not reflect that Petitioner admitted the firearm allegations. (*See* LD 2.) However, it is clear from the transcript of the plea hearing that Petitioner did in fact admit that he used a firearm during his crimes within the meaning of California Penal Code section 12022.5(a). (LD 1 at 11.) Further, the abstract of judgment reflects that Petitioner admitted the firearm enhancements. (LD 3.)

[2] Respondent confirmed that Petitioner did not appeal the judgment through a search of the California Court of Appeal's online database at http://appellatecases.courtinfo.ca.gov.

[3] As it appears that the Petition is timely, Respondent uses the actual filing dates for all of the documents filed in the state and federal courts.

[4] Petitioner asserts that he filed a habeas corpus petition in the Los Angeles County Superior Court, and notes he "never got a response." (Pet. at 4.) However, a paralegal employed by the Attorney General's Office, counsel for Respondent, viewed and copied the Los Angeles County Superior Court file in November 2012. She informed the undersigned that a habeas corpus petition was not in the file. Although Petitioner attaches what appears to be copies of an electronic prison mail log reflecting eight "outgoing–legal" mail entries to the Los Angeles County Superior Court (Pet. at Attach. at mail log), it is unclear on which of the various dates referred to in the mail log he may have mailed the habeas corpus petition, if

(continued…)

1

The instant Petition was filed on October 9, 2012. (Pet. at 1.)

## CALCULATION OF THE STATUTE OF LIMITATION

Petitioner was sentenced on August 15, 2011. (LD 1-3.) As Petitioner did not file a direct appeal, his judgment became final on October 14, 2011, at the expiration of the time in which to file an appeal, i.e., sixty days after sentencing. *See* Cal. Rule of Court 8.308(a); *Caspari v. Bohlen*, 510 U.S. 383, 390, 114 S. Ct. 948, 127 L. Ed. 2d 236 (1994) ("A state conviction and sentence become final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for writ of certiorari has elapsed or a timely filed petition has been finally denied.").

After running unabated for sixty-six days, the limitation period stopped on December 19, 2011, when Petitioner filed his habeas corpus petition in the California Supreme Court. The limitation period was tolled until April 18, 2012, when the court denied the petition. Thus, the limitation period recommenced on April 19, 2012, as day sixty-seven and ran for 100 days before stopping on July 27, 2012, when Petitioner filed a habeas corpus petition in the California Court of Appeal.[5] The limitation period was tolled until August 8, 2012, when the court of appeal denied the petition. Thus, the statute of limitation recommenced on August 9, 2012, and will expire on February 22, 2013.

///

///

---

(…continued) any.

[5] Petitioner is not entitled to tolling for the period of time in between the denial of his habeas corpus petition in the California Supreme Court and the filing of his habeas corpus petition in the California Court of Appeal because gap tolling is unavailable for a new round of collateral review, and because the second petition was filed in a lower state court. *See Delhomme v. Ramirez*, 340 F.3d 817, 821 (9th Cir. 2003) (per curiam) ("if there is any gap between the completion of one round of review and the commencement of another round of state habeas review, the petitioner is not entitled to tolling during the gap" (citation omitted)), *abrogated on other grounds as recognized by Waldrip v. Hall*, 548 F.3d 729, 733 (9th Cir. 2008) (per curiam).

2

**PETITIONER'S CONTENTIONS**

1. Petitioner's trial counsel was ineffective in failing to advise Petitioner that he was admitting a firearm allegation as part of his plea. (Pet. at 5.)

2. There was insufficient evidence to support the firearm enhancement. (Pet. at 6.)

3. There was insufficient evidence to support Petitioner's residential burglary conviction. (Pet. at 6.)

**ARGUMENT**

**I. PETITIONER HAS FAILED TO NAME AS A RESPONDENT ANY STATE OFFICER HAVING PRESENT CUSTODY OF HIM, AND THE PETITION SHOULD THEREFORE BE DISMISSED**

Petitioner is a state prison inmate.[6] In the Petition, Petitioner fails to name any state officer who currently has custody of him. (*See* Pet. at 1.) This pleading defect gives rise to a lack of personal jurisdiction over any officer of the State of California, and requires dismissal of the Petition.

A habeas corpus petitioner must name as respondent the person having custody of him. *See generally* Rules Governing Section 2254 Cases, Rule 2(a); *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996); *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992). Typically, this person is "the warden of the facility in which the petitioner is incarcerated." *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). Failure to name the petitioner's custodian as a respondent deprives the federal courts of personal jurisdiction. *Id*.

In this case, Petitioner failed to name any person or entity as Respondent. Petitioner's failure to name a proper respondent requires that the Petition be

---

[6] It appears that Petitioner is currently incarcerated at North Fork Correctional Facility in Sayre, Oklahoma, a private correctional facility outside of California. The California Department of Corrections and Rehabilitation has contracted with the Correctional Corporation of America to house California inmates in both out-of-state and in-state private correctional facilities to temporarily alleviate overcrowding within existing institutions. Dalinda Harman is the current Acting Chief of the Contract Beds Unit, which supervises this program.

3

dismissed for lack of personal jurisdiction. *Smith v. Idaho*, 383 F.3d 934, 938 (9th Cir. 2004); *Allen v. Oregon*, 153 F.3d 1046, 1050 (9th Cir. 1998); *Ortiz-Sandoval v. Gomez*, 81 F.3d at 894; *Stanley v. California Supreme Court*, 21 F.3d 359 (9th Cir. 1994). In the alternative, this Court may elect to give Petitioner an opportunity to amend the Petition to name a proper respondent. *See Stanley v. California Supreme Court*, 21 F.3d at 360; *Ashley v. State of Washington*, 394 F.2d 125 (9th Cir. 1968) (petitioner can amend the petition to name proper respondent); *see also Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) ("A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.")

However, for the reasons set forth below, doing so would be futile in this case.

## II. PETITIONER FAILED TO PRESENT HIS CLAIMS IN GROUNDS ONE AND THREE TO THE CALIFORNIA SUPREME COURT, AND FAILED TO IDENTIFY A FEDERAL CONSTITUTIONAL CLAIM IN CONNECTION WITH GROUND TWO, RENDERING THE ENTIRE PETITION UNEXHAUSTED

In Ground One of the instant Petition, Petitioner claims that he received ineffective assistance of counsel. (Pet. at 5.) In Grounds Two and Three, he claims that there was insufficient evidence to support the firearm enhancement and his conviction for burglary. (Pet. at 6.) However, because Petitioner failed to present his claims in Grounds One and Three to the California Supreme Court, those claims are unexhausted. Further, because Petitioner failed to identify a federal constitutional claim in connection with his claim in Ground Two, that claim is also unexhausted. Thus, the entire Petition should be dismissed as unexhausted.

### A. The Applicable Law

Exhaustion of state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in federal habeas corpus. 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); *Wooten v. Kirkland*, 540 F.3d 1019, 1025 (9th Cir. 2008). To satisfy the state exhaustion requirement, the petitioner must fairly present his federal claims to the

4

state's highest court. *Rose v. Lundy*, 455 U.S. 509, 515, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The petitioner has the burden of demonstrating he has exhausted available state remedies. *Williams v. Craven*, 460 F.2d 1253, 1254 (9th Cir. 1972); *see Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000).

A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his contention is based. *See Gray v. Netherland*, 518 U.S. 152, 162-63, 116 S. Ct. 2074, 135 L. Ed. 2d 457 (1996); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999). Indeed, "fair presentation" requires that a petitioner expressly alert the state's highest court to the federal basis of his claim by "citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Baldwin v. Reese*, 541 U.S. 27, 32, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004); *see Lyons v. Crawford*, 232 F.3d 666, 668, 670 (9th Cir. 2000), *amended by* 247 F.3d 904 (9th Cir. 2001) (a petitioner must specifically characterize a claim as federal, either by citing specific provisions of the federal Constitution or federal case law, in order to satisfy the exhaustion requirement under 28 U.S.C § 2254).

Once a federal court determines that a habeas petition contains only unexhausted claims, the petition must be dismissed in its entirety. *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) ("Once [Respondent] moved for dismissal, the district court was obliged to dismiss immediately, as the petition contained no exhausted claims." (quotation marks and citation omitted)); *see Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). The fact that a procedural bar might prevent the petitioner from returning to state court for a ruling on the merits of his unexhausted claim "in no way nullifies the fact that he had an adequate state remedy that has not been exhausted." *Tamalini v. Stewart*, 249 F.3d 895, 899 n.2 (9th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 749-50, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991)).

### B. Petitioner Failed to Adequately Present His Claims to the California Supreme Court

In this case, the only application for postconviction relief filed in the California Supreme Court was Petitioner's habeas corpus petition filed in case number S198866.  (LD 4.)  In that petition, Petitioner alleged a single claim for relief: "The court charged me for a gun enhancement when I never had a firearm."  (LD 4 at 3.)  Petitioner goes on to explain his claim, including that he never had a firearm, that his trial counsel never explained to him that he was charged with or admitting to a firearm enhancement, that trial counsel coerced Petitioner into pleading guilty, and that trial counsel generally failed to follow Petitioner's instructions.  (LD 4 at 3-4.)

With respect to Petitioner's claim in Ground One of the instant Petition, Petitioner did not clearly state anywhere within his California Supreme Court habeas corpus petition that he was raising an ineffective assistance of counsel claim.  (*See* LD 4 at 3-4.)  Further, in the supplemental letter received by the California Supreme Court on January 13, 2012, Petitioner did not raise an ineffective assistance of counsel claim.[7]  (LD 5.)  As Petitioner failed to present an ineffective assistance of counsel claim to the California Supreme Court, the claim is unexhausted.  *See Gray v. Netherland*, 518 U.S. at 162-63.

Moreover, even assuming that Petitioner adequately identified an ineffective assistance claim in his California Supreme Court habeas corpus petition, he failed to expressly alert the California Supreme Court to the federal basis of his claim. Indeed, Petitioner did not cite any federal law whatsoever within his petition and did not provide any other indication that he was raising a federal claim.  *See Baldwin v. Reese*, 541 U.S. at 32 (finding that "ineffective assistance of appellate

---

[7] In fact, it appears that the California Supreme Court interpreted the supplemental letter as a request for appointed counsel, as evidenced by the letter sent to Petitioner in response indicating that "the court does not appoint counsel." (*See* LD 6.)

counsel" claim was not fairly presented to the state's highest court because the petitioner did not properly alert the court to the federal nature of the claim); *Lyons v. Crawford*, 232 F.3d at 668-70. Accordingly, his ineffective assistance of counsel claim in Ground One of the instant Petition is unexhausted.

For the same reason, his sufficiency claim in Ground Two of the instant Petition is unexhausted. As noted above, Petitioner failed to cite any federal constitutional provision or federal case in his California Supreme Court habeas corpus petition. (*See* LD 4 at 3-4.) He did not even label his sufficiency claim as a federal claim. *See Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution."). Accordingly, his sufficiency claim in Ground Two is also unexhausted.

With respect to Petitioner's claim in Ground Three that insufficient evidence supported his residential burglary conviction (Pet. at 6), Petitioner did not raise that claim in his California Supreme Court habeas corpus petition. (LD 4 at 3-4.) Therefore, that claim is also unexhausted. *See Rose v. Lundy*, 455 U.S. at 515. As such, the Petition is entirely unexhausted and must be dismissed.[8] *See Jiminez v. Rice*, 276 F.3d at 481.

///

///

///

---

[8] In the event Petitioner seeks further relief from the California Supreme Court on his claims, he might be foreclosed from obtaining a ruling on the merits, depending upon whether he can explain and justify any delay in presenting his claim there. Depending upon the showing, Respondent might well argue in the future, in the California Supreme Court or upon another petition filed in this Court, that procedural default bars these claims. *See Russell v. Rolfs*, 893 F.2d 1033, 1037-39 (9th Cir. 1990); *see also Slack v. McDaniel*, 529 U.S. 473, 489, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (noting that following the dismissal of a mixed petition, "the State remains free to impose proper procedural bars to restrict repeated returns to state court for postconviction proceedings").

## CONCLUSION

For the foregoing reasons, Respondent respectfully requests that the Petition be dismissed for lack of personal jurisdiction over any officer having present custody over Petitioner or, alternatively, be dismissed as unexhausted.

Dated: February 5, 2013

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
DANE R. GILLETTE
Chief Assistant Attorney General
LANCE E. WINTERS
Senior Assistant Attorney General
KENNETH C. BYRNE
Supervising Deputy Attorney General

**/s/ Shira B. Seigle**
SHIRA B. SEIGLE
Deputy Attorney General
*Attorneys for Respondent*

SBS:lz
LA2012605738
60938701.doc

# CERTIFICATE OF SERVICE

Case Name:  *Cardarow Dean Hill v. Warden*     No.  CV 12-8641 - FFM

I hereby certify that on February 5, 2013, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On February 5, 2013, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Cardarow Dean Hill
AI6415
North Fork Correctional Facility
J/B 209 LOW
1605 East Main
Sayre, OK  73662

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on February 5, 2013, at Los Angeles, California.

| Marianne A. Siacunco | /s/ Marianne A. Siacunco |
|---|---|
| Declarant | Signature |

51237205.doc